

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00221-CR
No. 07-24-00222-CR

**MICHELLE RAE CHAVEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 080493-B-CR, 080065-B-CR, Honorable Titiana Frausto, Presiding

January 14, 2025

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Michelle Rae Chavez, appeals her convictions for intoxication assault[1] and intoxication manslaughter[2] and consecutive sentences to ten years of confinement. Appellant's brief was originally due September 19, 2024, but we granted Appellant's appointed counsel three extensions to file a brief. By letter of November 20, 2024, we

---

[1] *See* TEX. PENAL CODE ANN. § 49.07(c).

[2] *See* TEX. PENAL CODE ANN. § 49.08(b).

admonished Appellant's counsel that no further extensions would be granted and that failure to file a brief by December 20 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. Appellant's counsel has since filed two additional requests for an extension of time to file a brief, with his latest motion requesting until January 9, 2025. However, no brief has been filed to date.

Accordingly, we deny Appellant's third and fourth motion for extension as moot, abate the appeals, and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeals;

2. whether Appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of Appellant;

4. whether Appellant's counsel has abandoned the appeals;

5. whether Appellant has been denied the effective assistance of counsel;

6. whether new counsel should be appointed; and

7. if Appellant desires to continue the appeals, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by February 13, 2025. If it is determined that Appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new

counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before January 28, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.